# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AEROTEK, INC.,**

          **Plaintiff,**

**v.**                                        **Case No:   6:13-cv-1277-Orl-22KRS**

**JAMES THOMPSON and**
**HEALTHCARE SUPPORT STAFFING,**
**INC.,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. No. 98)** |
| **FILED:** | **April 29, 2016** |

## I.   BACKGROUND.

Plaintiff, Aerotek, Inc. ("Aerotek"), filed an amended complaint against Defendants, James Thompson and Healthcare Support Staffing, Inc. ("HSS"), on April 14, 2014.   Doc. No. 23 (the "Amended Complaint").   In the Amended Complaint, Aerotek alleged that Thompson was the former manager of its Orlando office, and that Thompson was currently employed by HSS, a competitor.   *Id.* ¶ 1.   Aerotek brought claims for breach of contract against Thompson related to his employment agreement with Aerotek (Count I); tortuous interference with a contractual relationship against HSS (Count II); as well as rescission and forfeiture, and unjust enrichment

claims against Thompson related to a separate ERISA-based incentive investment plan (Counts III and IV).  *Id.* at 13-17.  Specifically, Aerotek alleges that Thompson was selected to become a "'Participant'" in an Incentive Investment Plan ("IIP") pursuant to which Thompson was eligible to earn IIP units and, upon meeting certain conditions, to receive payment form Aerotek for the units allocated to his account.  *Id.* at 10.

On March 10, 2015, the Court held a bench trial at which the parties presented evidence.  Doc. No. 69.  The next day, the Court entered its Memorandum Opinion and Order, wherein it directed the Clerk to enter judgment for Defendants on all counts.  Doc. No. 70.  The Clerk entered a judgment in favor of Defendants on March 12, 2015.  Doc. No. 71.  The Court taxed costs against Plaintiff in the amount of $2,004.10.  Doc. No. 81.

On April 9, 2015, Aerotek filed a post-judgment motion under Federal Rules of Civil Procedure 52 and 59, Doc. No. 77, which was denied on July 27, 2015, Doc. No. 84.  On appeal, the United States Court of Appeals for the Eleventh Circuit affirmed the judgment in favor of Defendants and the denial of the post-judgment motion.  Doc. No. 91.

Defendants filed the above-captioned motion requesting $76,961.00 in attorneys' fees and nontaxable costs pursuant to 29 U.S.C. § 1132(g)(1), as well as taxable costs.  Doc. No. 98, at 11-15.  Although only Thompson was named in the alleged ERISA violations, HSS contends it is eligible for an award of fees because the facts underlying all of the causes of action are intertwined.  Aerotek opposes the motion.  Doc. No. 102.  The motion was referred to the undersigned for a Report and Recommendation, and the matter is now ripe for review.

## II.    APPLICABLE LAW.

"Under the 'American Rule' parties in litigation are expected to bear their own attorney's fees and costs.  Congress may abrogate this rule, however, by explicitly providing otherwise."

*Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) (internal citations omitted).   Section 1132(g)(1) provides as follows: "In any action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."   29 U.S.C. § 1132(g)(1).   Although there is no requirement that the party requesting fees be a prevailing party, the "fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under Section 1132(g)(1)."   *Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).

Once it is established that the party seeking fees has had some degree of success, the Court may consider five factors when deciding whether to award fees:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; [and] (5) the relative merits of the parties' positions.[1]

*McKnight v. S. Life & Health Ins. Co.*, 758 F.2d 1566, 1571-72 (11th Cir. 1985) (citing *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)); *accord Cross v. Quality Mgmt. Grp., LLC*, 491 F. App'x 53, 56 (11th Cir. 2012).[2]   "No[t] one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address when deciding whether to award attorney's fees in an ERISA case."   *Iron Workers Local No. 272*, 624 F.2d at 1266.   Nevertheless, the *Iron Workers* factors

---

[1]   The Eleventh Circuit refers to these factors as the *Iron Workers* factors.   *E.g., Freeman v. Continental Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993).

[2]   Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

are non-exhaustive; "other considerations may be relevant as well." *Id.*   In analyzing the relevant factors, courts should not impose a presumption in favor of awarding fees.   *See Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1268 (11th Cir. 2008).

## III.   DISCUSSION.

### A.   *Attorneys' Fees Under § 1132(g)(1).*

Defendants contend they are entitled to attorneys' fees pursuant to § 1132(g)(1).  Aerotek argues that § 1132(g)(1) does not apply because this action was not brought by a participant, beneficiary, or fiduciary.   Aerotek also argues that § 1132(g)(1) does not apply because its rescission and unjust enrichment claims proceeded under federal common law, rather than under the express provisions of § 1132.   I will discuss each of these arguments, individually, below.   I will then explain why I recommend that an attorney's fee award is not appropriate in this case.[3]

### 1.   Aerotek Is an ERISA Fiduciary.

Section 1132(g)(1) only applies to actions brought by a participant, beneficiary, or fiduciary. *Medicomp, Inc., v. United Healthcare Ins. Co.*, No. 6:12-cv-100-Orl-22DAB, 2013 U.S. Dist. LEXIS 151509, at *6 (M.D. Fla. Aug. 23, 2013), *adopted by* 2013 U.S. Dist. LEXIS 151510 (M.D. Fla. Oct. 22, 2013) (citing, *inter alia*, *Donovan v. Dillingham*, 668 F.2d 1196, 1198 (11th Cir. 1982), *modified on other grounds on reh'g en banc*, 688 F.2d 1367 (11th Cir. 1982)).   Therefore, the Court must consider whether Aerotek is a plan participant, beneficiary, or fiduciary.

A person is a fiduciary, within the meaning of ERISA, to the extent

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or

---

[3] Aerotek argues that an attorneys' fees award under § 1132(g) in favor of Thompson is not appropriate because Thompson has not incurred any attorneys' fees.   I will address this argument during my analysis of the *Iron Workers* factors.   Aerotek also argues that, even if Thompson is entitled to attorneys' fees, he should not be permitted to recover attorneys' fees for time spent on unsuccessful motions and for time spent on appeal.   In light of my recommendation that Thompson is not entitled to attorneys' fees, I will not address specific categories of attorneys' fees.

> control respecting management or disposition of its assets, (ii) he
> renders investment advice for a fee or other compensation, direct or
> indirect, with respect to any moneys or other property of such plan,
> or has any authority or responsibility to do so, or (iii) he has any
> discretionary authority or discretionary responsibility in the
> administration of such plan.

*Id.* § 1002(21)(A).   An employer qualifies as a fiduciary when the employer acts as plan administrator.   *Varity Corp. v. Howe*, 516 U.S. 489, 498-503 (1996); *see also Swint v. Protective Life Ins. Co.*, 779 F. Supp. 532, 551 (S.D. Ala. 1991) (noting that an ERISA fiduciary "essentially includes any person who is charged with administration of the plan").

Here, Aerotek exercised discretionary control in the management of the plan, and the disposition of its assets.   More specifically, Aerotek exercised its discretion by paying four quarterly IIP plan payments to Thompson, providing Thompson with advice on how to comply with the conditions of the plan, and by suspending payments under the plan.   *See* Doc. No. 70, at 1-9 (findings of fact).   Accordingly, I recommend that the Court find that Aerotek is a fiduciary.[4]   *Cf. Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 n.4 (11th Cir. 1998) (noting that a plaintiff seeking reimbursement of benefits paid under and ERISA plan was likely a fiduciary because it had the full authority to make ultimate decisions regarding benefit eligibility).

---

[4] In the context of ERISA, a participant is:

> any employee or former employee of an employer, or any member or former
> member of an employee organization, who is or may become eligible to
> receive a benefit of any type from an employee benefit plan which covers
> employees of such employer or members of such organization, or whose
> beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7).   A beneficiary is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."   *Id.* at § 1002(8).   As the employer sponsoring the plan, Aerotek is not a participant or beneficiary.   *Cf. Sonoco Prods. Co. v. Phys. Health Plan, Inc.*, 338 F.3d 366, 1372 n.8 (4th Cir. 2003) ("[A]n employer can be neither a participant nor a beneficiary.").

2.    Aerotek's Unjust Enrichment and Rescission Claims Arise Under Title 29.

Section 1132(g)(1) authorizes the court to award fees for "any action under [Title 29]." Aerotek argues that § 1132(g)(1) does not apply because its rescission and unjust enrichment claims proceeded under federal common law, rather than under the express provisions of § 1132. I note that the Court has already rejected similar arguments in this case. Doc. No. 59, at 19-20 (finding that Counts III and IV did not arise under state law and were "federal ERISA-governed claims.").

Additionally, a fee opponent made this same argument in *McClure v. UPS Flexible Benefits Plan*, No. 1:14-CV-845, 2016 U.S. Dist. LEXIS 82386 (W.D. Mich. Jun. 13, 2016).   In addressing this argument, the *McClure* court noted that the "[f]ederal common law is not a body of law separate and apart from ERISA.   Rather, '[f]ederal common law . . . fills the gaps of ERISA to assist in the interpretation of ERISA plans."   2016 U.S. Dist. LEXIS 82386, at *5 (quoting *Health Cost Controls v. Isbell*, 139 F.3d 1070, 1072 (6th Cir. 1997)) (alterations in the original); *see also Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1347 (11th Cir. 1994) ("ERISA is a comprehensive statute designed to federalize the regulation of employee welfare benefit plans.   However, the statute has interstices, and the Supreme Court has noted that Congress expected, in passing the statute, for the federal courts to fill those gaps with 'a federal common law of rights and obligations under ERISA-regulated plans.'") (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56 (1987)).   The *McClure* court reasoned, "whether a court applies federal common law to resolve a dispute concerning an ERISA plan is wholly unrelated to whether such 'action [is brought] under [Title 29]' for purposes of § 1132(g)(1)."   2016 U.S. Dist. LEXIS 82386, at *5 (quoting 29 U.S.C. § 1132(g)(1)) (alteration in the original).   Consequently, it found that the ERISA attorney's fee provision applied, even though the dispute was governed by federal common law.

The United States Court of Appeals for the Ninth Circuit addressed the scope of § 1132(g)(1) in *Bos v. Board of Trustees*, 818 F.3d 486 (9th Cir. 2016). The *Bos* court noted that "ERISA's statutory structure and '[l]inguistic consistency' make plain that ERISA's jurisdictional and fee-shifting provisions are inextricably linked." *Id.* at 491. Therefore, it held that "a party is eligible to recover fees under ERISA only if the action giving rise to his fee request meets the test for 'arising under' jurisdiction set forth in ERISA's jurisdictional provision, 29 U.S.C. § 1132(e)." *Id.*

Here, Aerotek brought its unjust enrichment and rescission claims "under ERISA." Doc. No. 23, at 14 & 16; *see also* Doc. No. 59, at 19-20 (describing the claims as "federal ERISA-governed claims"). In their Joint Pretrial Statement the parties agreed that the Court had original jurisdiction over Aerotek's unjust enrichment and rescission claims pursuant to ERISA. Doc. No. 55, at 1-2. Under these circumstances, I recommend that the Court find the analysis set forth in *McClure* and *Bos* to be persuasive and conclude that, regardless of whether Aerotek's unjust enrichment and rescission claims implicate federal common law, they arise under Title 29 for purposes of § 1132(g)(1).

### 3.    The Court Should Not Award Discretionary Fees Under § 1132(g)(1).

The Court entered judgment in favor of Defendants on all counts. Doc. No. 71. Therefore, they have received "some degree of success on the merits." But contrary to Defendants' arguments, they have not established that the *Iron Workers* factors favor an award of attorneys' fees.

First, I recommend that the Court find that Defendant have not established that Aerotek filed this action in bad faith. The Court found Aerotek's position sufficiently viable to survive summary judgment. Doc. No. 59. The relative merits of the parties' positions were also discussed in the summary judgment order, and the final outcome of the case does not, in my view, indicate that Aerotek's position was completely unfounded from the inception of the case. *See Dixon v.*

*Seafarers' Welfare Plan*, 878 F.2d 1411, 1413 (11th Cir. 1989) (affirming denial of attorney's fees because the opposing party presented "substantial arguments" in favor its position).

Second, Aerotek did not provide evidence of the second and third *Iron Workers* factors: Aerotek's ability to pay and whether an award of attorney's fees against Aerotek would deter other persons acting under similar circumstances.   *See Nachwalter v. Christie*, 805 F.2d 956, 962 (11th Cir. 1986) (finding insufficient evidence to apply factors two and three).   Additionally, because this case turned on fact-specific issues rather than questions of law, it is unlikely that the circumstances of this case would apply in other cases.

Third, because this case was very fact specific, its outcome was, from the inception of the case, unlikely to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself.

For all of these reasons, I recommend that the Court not award attorneys' fees under §1132(g)(1).

B.      Costs.

Defendants request the Court tax costs in the amount of $2,184.91.   Doc. No. 98. The Court has already taxed $2,004.10 of that sum on May 11, 2015.   Doc. No. 81.   To the extent that Defendants request the Court to tax these costs again, I recommend that request be denied.

Defendants also seek $180.81 in appellate costs that were not included on the taxed bill of costs.   More specifically, Defendants seek $113.25 in Federal Express shipping fees, and $67.56 in copying costs.   Neither of these expenses are costs that a district court may tax under Federal Rule of Appellate Procedure 39(e).   *See, e.g.*, *Flythe v. District of Columbi*a, No. 10-2021 (RC), 2016 U.S. Dist. LEXIS 57166, at *10 (D.D.C. Apr. 29, 2016) ("[A] party's copying costs are not listed in Rule 39(e) among the categories of costs incurred on appeal that are 'taxable in the district court.'"

(quoting Fed. R. App. P. 39(e))); *Dempsey v. Colvin*, No. 1:09cv790-SRW (WO), 2013 U.S. Dist. LEXIS 90120, at *17 (M.D. Ala. June 27, 2013) ("The costs plaintiff incurred in copying her appellate briefs and record excerpts are not among those that Rule 39 authorizes th[e district] court to tax.").

Finally, Defendants seek nontaxable expenses incurred for mediation and parking (and, presumably, the nontaxable Federal Express and copying costs discussed above).   Doc. No. 98, at 15.   The Eleventh Circuit has held that when a party may recover, as party of an award of attorneys' fees under §1132(g), all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case – including expenses that are not taxable. *Evans v. Books-A-Million*, 762 F.3d 1288, 1298-99 (11th Cir. 2014).   If the Court accepts the recommendation that no attorneys' fees be awarded in this case, then an award of nontaxable expenses would also not be warranted.

## IV.    RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Defendants' Renewed Motion for Attorneys' Fees and Costs (Doc. No. 98).[5]

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written

---

[5] If the Court determines that attorneys' fees should be awarded, I recommend that the Court require counsel for the parties to submit new motions and responses addressing the amount of fees and expenses to be awarded, because Aerotek did not address amount in its response to the current motion.

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 17, 2016.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy