**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AEROTEK, INC.,**

      **Plaintiff,**

v.                                                      **Case No:   6:13-cv-1277-Orl-22KRS**

**JAMES THOMPSON and**
**HEALTHCARE SUPPORT STAFFING,**
**INC.,**

      **Defendants.**

**ORDER**

This cause comes before the Court on Defendants James Thompson and Healthcare Support Staffing, Inc.'s objection, (Doc. 104), to the Magistrate Judge's Report and Recommendation (R & R), (Doc. 103), to which Plaintiff Aerotek responded in opposition, (Doc. 106). Plaintiff Aerotek filed a limited "cross-objection" to the R & R, (Doc. 105), and Defendants responded in opposition, (Doc. 108). For the reasons that follow, the Court will overrule the objections and adopt and affirm the R & R in accordance with this order.

    **I.**    **THE MAGISTRATE JUDGE'S R & R**

The Magistrate Judge issued an R & R recommending that Defendants James Thompson ("Thompson") and Healthcare Support Staffing, Inc.'s ("HSS") (collectively, "Defendants") renewed motion for attorneys' fees and costs be denied. (Doc. 103). In the underlying action, Plaintiff Aerotek ("Aerotek") sued Defendants alleging breach of an employment agreement, tortious interference with a contractual relationship (against HSS), rescission, and unjust enrichment. (Doc. 23). Aerotek alleges that its relationship with Thompson was grounded in three separate agreements: (1) an employment agreement that imposed various restrictions on employment and post-employment conduct, (2) an Incentive Investment Plan ("IIP") that provided payments to Thompson after separation from Aerotek and further provided that certain conditions

be satisfied for receipt of payments, and (3) a written letter agreement that Aerotek claimed represented Thompson's potential entitlement to payments under the IIP. (Doc. 20 at 2–3). In the order granting in part and denying in part Defendants' motion to dismiss, the undersigned Judge found that the IIP is a top-hat plan, which primarily provides deferred compensation for a select group of highly compensated employees. (*Id*. at 5–6). As a top-hat plan, the IIP is not subject to ERISA's participation and vesting provisions, funding provisions, and fiduciary responsibility provisions, but the IIP remains subject to ERISA's reporting and disclosure provisions as well as administration and enforcement provisions. (*Id*.)

In March 2015, the undersigned Judge held a bench trial and thereafter entered judgment in favor of Defendants on all counts. (Doc. 70). The Eleventh Circuit Court of Appeals affirmed the judgment in favor of Defendants. (Doc. 91). Defendants filed the present motion for attorneys' fees requesting $76,961.00 in attorneys' fees and nontaxable costs pursuant to 29 U.S.C. § 1132(g)(1), and taxable costs. (Doc. 98). First, the Magistrate Judge found that Aerotek is a fiduciary pursuant to the language of § 1132(g)(1) because Aerotek "exercised discretionary control in the management of the plan, and the disposition of its assets" and "by paying four quarterly IIP plan payments to Thompson, providing Thompson with advice on how to comply with the conditions of the plan, and by suspending payments under the plan." (Doc. 103 at 5). Therefore, § 1132(g)(1) applies to this lawsuit because it is an action brought by a "fiduciary," as required by the statute. (*Id*.) Aerotek's limited cross-objection relates to this conclusion. (Doc. 105).

Next, the Magistrate Judge found that Aerotek's unjust enrichment and rescission claims arise under Title 29, as opposed to federal common law, and that § 1132(g)(1) is applicable to those claims if the statutory provision's requirements are otherwise satisfied. (Doc. 103 at 6). Neither party objects to this finding. After finding that § 1132(g)(1) is applicable to the present

case, the Magistrate Judge then considered the *Iron Workers* factors and recommended that the Court should not award discretionary fees under § 1132(g)(1). (*Id*. at 8). Defendants object to this and ask the undersigned Judge to reconsider the Magistrate Judge's analysis of the factors. (Doc. 104). Last, the Magistrate Judge recommended denying Defendants' request for costs, and no objection related to this recommendation has been filed. (Doc. 103 at 8).

## II. LEGAL STANDARD

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam).[1] The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no timely objection. Fed. R. Civ. P. 72 advisory committee's note (1983) (citations omitted). While district courts have the discretion to consider novel evidence and legal arguments raised for the first time in an objection to a report and recommendation, they are under no obligation to do so. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir.2009) ("[A] district court has the discretion to decline to consider a party's argument when the argument is not first presented to the magistrate judge.").

## III. ANALYSIS

### A. Aerotek's Limited Cross-Objection to the Finding that It is a Fiduciary

---

[1] Unpublished Eleventh Circuit cases are persuasive, but not binding.

Aerotek filed a limited cross-objection. (Doc. 105). Aerotek asks that, if the Court overrules Defendants objections and denies their motion for attorneys' fees, Aerotek's limited objection be rendered moot. (*Id.*) For the first time in its objection, Aerotek raises the argument that, because the undersigned Judge held that the IIP is a top-hat plan that is not subject to ERISA's fiduciary duty provisions, Aerotek cannot be considered a fiduciary.

Section 1132(g)(1) only applies to actions brought by a participant, beneficiary, or fiduciary.[2] The Magistrate Judge found that Aerotek is a fiduciary based on the definition of fiduciary within the meaning of ERISA and noted that an employer qualifies as a fiduciary when the employer acts as a plan administrator—which Aerotek has done. (Doc. 103). Aerotek did not argue to the Magistrate Judge the argument it now makes in its objection—that the IIP is a top-hat plan and, because the fiduciary duty provisions of ERISA do not apply to the plan, Aerotek cannot be a fiduciary. While it is true that a top-hat plan is not subject to fiduciary duties under ERISA, *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 842 (11th Cir. 2006), neither party has cited, nor has the undersigned Judge found, case law addressing whether the administrator of a top-hat plan is a fiduciary for purposes of attorneys' fees under §1132(g)(1).

However, Aerotek requests that its objection regarding whether it is a fiduciary be rendered moot if the Court adopts the R & R and denies Defendants' motion for attorneys' fees. The undersigned Judge agrees with the recommendation in the R & R—that Defendants should not be awarded attorneys' fees. Because under either argument the outcome is identical (that Defendants are not entitled to attorneys' fees), the Court need not decide in the present case whether Aerotek is a fiduciary. Aerotek did not raise this argument before the Magistrate Judge and the Court need not consider it now. The Court will now consider Defendants' objection to the Magistrate Judge's application of the *Iron Workers* factors.

---

[2] Neither party disputes that Aerotek is not a participant or a beneficiary.

**B. Defendants' Objection to the Magistrate Judge's Analysis of the *Iron Workers* Factors**

Neither party has objected to the legal framework in the R & R. Defendants' objection to the R & R is based solely on their disagreement with the Magistrate Judge's analysis of the relevant factors because "a more thorough application of the record to the *Iron Workers* factors strongly suggests Defendants should be awarded their attorneys' fees and costs." (Doc. 104 at 7). The undersigned Judge agrees entirely with the Magistrate Judge's analysis of the factors and ultimate recommendation.

There is no objection to the Magistrate Judge's finding that Defendants have had some degree of success on the merits.[3] Therefore, the Court proceeds to consideration of the relevant factors. "In *Ironworkers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir. 1980), the court promulgated guidelines to assist the district courts in deciding whether to award attorney's fees." *McKnight v. S. Life & Health Ins. Co.*, 758 F.2d 1566, 1571–72 (11th Cir. 1985). The Court may consider the following *Iron Workers* factors[4]:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Id*. No one factor is decisive. *Id*.

First, the Magistrate Judge found that Defendants have not established that Aerotek filed the present action in bad faith emphasizing that Aerotek's position survived summary judgment,

---

[3] While Defendants indicate that the Court need only determine that they succeeded on the merits in order to award attorneys' fees, it is clear from the case law that the Court has the discretion to consider the *Iron Workers* factors. "[Plaintiff/appellant] appears to suggest that the district court should simply have determined whether she obtained 'some degree of success on the merits,' and stopped there. But *Hardt* did not say this—rather, it allowed for the application of the five factors before a district court ultimately determined a party's entitlement to fees." *Cross v. Quality Mgmt. Grp.*, LLC, 491 F. App'x 53, 56 (11th Cir. 2012).

[4] Some courts call these factors the *Freeman* factors because the Eleventh Circuit again outlined the factors in *Freeman v. Cont'l Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993).

and there is no indication that it was completely unfounded from the inception of the case. (Doc. 103 at 7). Defendants argue that they do not need to "conclusively prove" that Aerotek brought this action in bad faith. (Doc. 104 at 7). Rather, Defendants argue that they merely have to show "some degree" of bad faith. (*Id.*) Defendants argue that it is undeniable that Aerotek filed this lawsuit in bad faith because Aerotek's general counsel advised Thompson that he could work for HSS, and then Aerotek brought this case for breach of the employment agreement based on Thompson's employment with HSS. (*Id.* at 8). According to Defendants, Aerotek pursued its claims in bad faith because it lacked credible evidence. (*Id.*) Defendants do not cite case law to support their argument that bad faith is established simply because a party succeeded on the merits due to the plaintiff's failure to meet its evidentiary burden. *See Freeman v. Cont'l Ins. Co.*, 996 F.2d 1116, 1120 (11th Cir. 1993) ("The fact that Freeman ultimately prevailed, however, does not mean Continental's arguments were insupportable or made in bad faith."); *McKeown v. Blue Cross Blue Shield of Ala.*, 497 F. Supp. 2d 1328, 1333 (M.D. Ala. 2007) ("Where a prevailing defendant seeks fees, however, the plaintiff is not 'culpable' simply for having lost his case."). Although Aerotek ultimately failed to prove its case at trial, its case was based on tenable arguments. Defendants' conclusory objection does not demonstrate that Aerotek acted in bad faith, nor is this factor dispositive of their entitlement to attorneys' fees.

Next, the Magistrate Judge found that Defendants failed to provide evidence of the second and third factors—the parties' ability to pay and whether an award of attorneys' fees against Aerotek would deter other persons acting under similar circumstances. (Doc. 103 at 8). Despite their failure to do so earlier, Defendants now present more thorough arguments relating to these factors in their objection. First, as to the ability to pay factor, Defendants have produced a "screenshot" of a Forbes website profile showing that a company named Allegis Group is valued at $11 billion. (Doc. 104-1). According to Defendants, Aerotek is a wholly-owned subsidiary of

Allegis Group. (Doc. 104 at 9). Because of this, Defendants argue that Aerotek cannot dispute its ability to pay. (*Id.*) In response, Aerotek argues that the value of its parent company says nothing about Aerotek's ability to pay. (Doc. 106 at 5). The undersigned Judge, in the exercise of discretion, will not consider this additional evidence Defendants first submit in their objection. *Williams,* 557 F.3d at 1292. Regardless, the undersigned Judge questions whether a "screenshot" of a website relating to the parent company of Aerotek is credible evidence. Furthermore, even considering that $11 billion is the true value of Aerotek's parent company, such evidence does not establish Aerotek's ability to pay.

Next, as to the third factor relating to deterrence, Defendants argue that an award of attorneys' fees would deter Aerotek from bringing meritless claims against its former employees. (Doc. 104 at 8). According to Defendants, if Aerotek is not punished, Aerotek would be incentivized to file similar lawsuits. (*Id.*) Additionally, Defendants make a similar argument relating to the fourth factor that an award of fees would benefit all participants and beneficiaries of an ERISA plan or would resolve a significant legal question regarding ERISA itself. (*Id.* at 10). Defendants argue, for the first time in their objection, that awarding attorneys' fees will set precedent and help others faced with a similar situation because all participants in the plan are subject to the non-compete. (*Id.*) Defendants contend that an attorneys' fee award will benefit others because, in its absence, Aerotek will continue to file frivolous lawsuits causing IIP participants to pay attorneys' fees. (*Id.*) Defendants do not cite case law to support their arguments. In response, Aerotek emphasizes that Defendants did not litigate the terms or enforceability of any provision of the IIP or ERISA generally. (Doc. 106 at 5). Rather, the Court determined, based on the evidence, that Thompson had not breached the employment agreement based on his particular actions after and during his employment with Aerotek. (*Id.*)

The Court agrees with the Magistrate Judge that this case is fact-intensive and is unlikely to serve a deterrent purpose or to benefit other plan participants or beneficiaries. *Freeman*, 996 F.2d at 1120 (reasoning that an award of attorneys' fees relating to the ERISA plan at issue was unlikely to benefit other beneficiaries or participants because the disputed issues involved in the case were unique to plaintiff's disability and that "[a]ny benefit flowing from this lawsuit to other beneficiaries of this plan or other ERISA plans is merely speculative"). It is unlikely that this case would apply in other cases or factual circumstances, and Defendants have not demonstrated that it would. Moreover, Defendants' argument that Aerotek is now motivated to file meritless lawsuits is pure speculation. Defendants have also not identified a significant legal question that was resolved in the present case. Defendants have not established that the third and fourth factors favor an award of attorneys' fees.

Defendants argue that the last factor—the relative merits of the parties' positions—favors Defendants because the undersigned Judge found that Aerotek failed to carry its burden at trial. (Doc. 104). The Magistrate Judge did not expressly discuss the fifth factor nor did Defendants discuss it in their motion for attorneys' fees, (Doc. 98). However, the Magistrate Judge reasoned, and the undersigned Judge agrees, that Aerotek's case was not completely unfounded. To the extent this factor favors Defendants based solely on their success on the merits, it is not decisive. The Court agrees with the Magistrate Judge that, in considering all of the abovementioned factors, attorneys' fees are not appropriate in this case. Therefore, the Court will adopt and affirm the Magistrate Judge's R & R in accordance with this order.

## IV.   CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Defendants James Thompson and Healthcare Support Staffing, Inc.'s Objection (Doc. 104) to the Magistrate Judge's R & R, filed on October 31, 2016, is **OVERRULED**.

2. Plaintiff Aerotek, Inc.'s Limited Cross-Objection (Doc. 105), filed on November 3, 2016, is **OVERRULED as moot**.

3. The Report and Recommendation (Doc. 103) issued on October 17, 2016, is **ADOPTED and AFFIRMED** and made a part of this Order in accordance with the modifications herein.

4. Defendants James Thompson and Healthcare Support Staffing, Inc.'s Renewed Motion for Attorney Fees and Costs (Doc. 98), filed on April 29, 2016, is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on December 15, 2016.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties